STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
Docket No. RE-13-0150

48 BRAMHALL STREET
CONDOMINIUM ASSOCIATION,
Plaintiff

**ORDER ON MOTION
FOR SUMMARY JUDGMENT**

v.

KELLY MOSES STONE,
Defendant

Before the court is a motion by plaintiff 48 Bramhall Street Condominium Association for summary judgment in an action for foreclosure brought pursuant to 33 M.R.S. § 1603-116(a) and 14 M.R.S. § 6321, et seq. No opposition to the motion has been filed.

Under Maine law, a condominium association may enforce a lien for assessments against a condominium unit through foreclosure upon the unit in the same manner as a mortgage on real property. 33 M.R.S.A. § 1603-116(a). Thus, the plaintiff's motion for summary judgment is subject to Rule 56. *See* M.R. Civ. P. 56. Summary judgment is appropriate when review of the statements of material facts and the record evidence to which the statements refer, considered in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact that is in dispute and the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A.2d 733; *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821.

After reviewing the file, the court concludes that the requirements for a summary judgment have not been met for the following reasons:

First, the plaintiff has not properly supported all of the factual assertions in its Statement of Material Facts. M.R. Civ. P. 56(e), 56(h); (Pl.'s S.M.F. ¶ 2). Rule 56 provides that each statement in a statement of material facts must be supported by a record

citation. M.R. Civ. P. 56(h). Additionally, supporting affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." M.R. Civ. P. 56(e). Here, the plaintiff asserts that the defendant is a member of the 48 Bramhall Street Condominium Association, citing to Anne Dalphin's Affidavit ("Dalphin Affidavit"). (Pl.'s S.M.F. ¶ 2.) Paragraph two of the Dalphin affidavit states that "[t]he records maintained by the Association reflect that Defendant is a resident of Portland, Maine, and is a member of the Association." (Dalphin Aff. ¶ 2.) Dalphin, however, does not cite to any business records as evidence of the defendant's membership. *Id.* As Dalphin states that her "knowledge as to the facts set forth in [her] Affidavit is derived from [her] personal knowledge of [the plaintiff's] records," she must attach the relevant business records. *See* M.R. Evid. 803(6).

Additionally, the plaintiff has not adequately established that the defendant has breached her obligations as a member of the 48 Bramhall Street Condominium Association. In its Statement of Material Facts, the plaintiff makes the vague assertion that the plaintiff perfected a lien on the defendant's unit "for failure to pay common expenses in the amount of $8,500.00," and the plaintiff also asserts that the defendant owes $13,975.00 in unpaid expenses. (Pl.'s S.M.F. ¶¶ 5, 7.) The Statement of Material Facts does not include an explanation or description of the expenses the defendant failed to pay, or any assertions regarding when the defendant failed to pay the expenses. (Pl.'s S.M.F. 1-3.) While the Dalphin Affidavit does refer to a "Violation of Rules and Regulations Summary," it is unclear to the court whether the document,

2

dated April 26, 2013,[1] was created in anticipation of litigation and whether the summary satisfies the requirements of M.R. Evid. 803(6). (Dalphin Aff. Ex. D.)

The entry shall be:

Plaintiff's motion for summary judgment is DENIED. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).


Dated: December 13, 2013

Hon. Joyce A. Wheeler
Justice, Superior Court



48 Bramhall Street-Christopher Brooks Esq
Kelly M Stone-Richard Bryant esq

---

[1] Plaintiff filed its Complaint for Foreclosure by Civil Action on April 16, 2013. (Pl.'s Compl. 1.)

3